IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 622-006 |
| | ) | |
| LUCKY S. OTT, JR. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

After careful consideration of the briefs and oral argument on May 7, 2024, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to dismiss for improper venue, or in the alternative, for transfer, (doc. no. 54), be **DENIED**.

I.      BACKGROUND

On August 3, 2022, a grand jury in the Southern District of Georgia issued the Indictment charging Defendant with one count of conspiring to defraud the United States and offering to or paying illegal remunerations in violation of 18 U.S.C. §§ 371, 2326(1), and 2326(2). (Doc. no. 1.)  In support, the Indictment alleges the following facts:  Defendant is a resident of Boerne, Texas, and the owner of Boerne Drug Company, a Texas limited liability company.  (Id. at 3.)  During the approximate time period of June 2017 to April 2019, Defendant "paid kickbacks to physicians, including a physician in the Statesboro Division of the Southern District of Georgia, in exchange for prescribing expensive creams, ointments, and other prescription drugs for patients residing across the United States, including many who resided within the Southern District of Georgia." (Id. at 3-4.)

Coconspirator 1 is a Texas resident who operated Companies 1 and 2, both of which are Texas limited liability companies.  (Id. at 3.)  To accomplish the scheme, Coconspirator 1

paid kickbacks to prescribing physicians through Companies 1 and 2 and also paid a second coconspirator, who operated a call center, for names of patients to whom the fraudulent prescriptions could be written.  (Id. at 5-6.)  In turn, Defendant issued payments from Boerne Drug Company to Coconspirator 1 based on the number of completed prescriptions.  (Id.) Physician 1 resided and practiced medicine in the Statesboro Division of the Southern District of Georgia.  (Id. at 3.)  In exchange for kickbacks, Physician 1 "prescribed hundreds of topical creams and gels for patients," and Boerne Drug Company filled these prescriptions and shipped creams and ointments to patients within the Statesboro Division.  (Id. at 6.)

During oral argument on May 7, 2024, counsel informed the Court that:  (1) Physician 1 was indicted and entered a plea of guilty in the Southern District of Georgia, and (2) Coconspirator 1 was indicted and recently entered a plea of guilty in the Western District of Texas.  (See Court's recording system, *For the Record* ("FTR"), 10:29:24-30:55, 10:32:47-33:47, 10:36:30-36:52.)

## II.    DISCUSSION

Primarily relying on the undisputed location of the alleged conspiracy's nerve center in the Western District of Texas, Defendant seeks dismissal of the Indictment for improper venue and, alternately, a transfer to Texas under Fed. R. Crim. P. 21(b).  (See generally doc. no. 54.) The government argues venue is proper because, as part of the nationwide conspiracy, Defendant obtained fraudulent prescriptions written by Physician 1 and shipped creams and ointments to patients located in the Statesboro Division.  (Doc. no. 59, pp. 4-5.)  As explained below, there is no basis for dismissal, and a Rule 21 transfer is unwarranted.

### A.    The Indictment Sufficiently Alleges Venue

Pursuant to Fed. R. Crim. P. 12(b)(3), a defendant may move to dismiss an otherwise valid indictment for improper venue because "the Sixth Amendment guarantees the right to be

2

tried in the district in which the offense was committed." United States v. White, 590 F.3d 1210, 1213 (11th Cir. 2009) (citing U.S. Const. amend. VI); see also Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). However, "any offense begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

In conspiracy cases, "[v]enue is proper in any district where an overt act was committed in furtherance of the conspiracy." United States v. Dabbs, 134 F.3d 1071, 1078 (11th Cir. 1998) (citations omitted); United States v. Smith, 918 F.2d 1551, 1557 (11th Cir. 1990); United States v. Long, 866 F.2d 402, 407 (11th Cir. 1989). "The overt act need not be committed by a defendant in the case; the acts of accomplices and unindicted conspirators can also expose the defendant to jurisdiction." United States v. Matthews, 168 F.3d 1234, 1246 (11th Cir. 1999); see also United States v. Thomas, 8 F.3d 1552, 1560 n.21 (11th Cir. 1993) ("[A]n individual conspirator need not participate in the overt act in furtherance of the conspiracy. Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient."). The mere fact that the majority of "a conspiracy's activity took place in a venue other than the one where the trial takes place does not destroy venue." Matthews, 168 F.3d at 1246 (quoting Dabbs, 134 F.3d at 1079).

Here, venue is clearly proper in Georgia because the Indictment alleges Physician 1 received kickbacks and issued prescriptions that resulted in Defendant shipping ointments and creams to patients in Georgia. See, e.g., Matthews, 168 F.3d at 1246 ("[T]he government only had to show that one conspirator took such acts within the district court's venue."); Dabbs, 134 F.3d at 1079 (noting proper venue for conspirators in district where they "voluntarily entered

3

into an illegal factoring arrangement using a merchant account with a bank"); United States v. Shoss, 523 F. App'x 713, 716 (11th Cir. 2013) (*per curiam*) ("Venue was proper in the Middle District of Florida because co-conspirators Loisel and Shoss committed and/or caused others to commit overt acts in the Middle District of Florida in furtherance of their conspiracy."); United States v. Schlei, 122 F.3d 944, 975 (11th Cir. 1997) (affirming mere possession of banknote in district was overt act sufficient to confer jurisdiction for conspiracy charge when conspirator operated fraud scheme outside of venue); United States v. Spitsyn, No. 1:20-CR-325-MLB, 2022 WL 500772, at *3 (N.D. Ga. Feb. 18, 2022) ("So long as Defendant Spitsyn was a member of the conspiracy and someone within the conspiracy committed an overt within this district, venue is proper here."). At trial, proper venue will be "an essential element of the government's proof," and the jury "must decide whether the venue was proper." United States v. Snipes, 611 F.3d 855, 865-66 (11th Cir. 2010).

  **B.**  **A Convenience Transfer Is Unwarranted**

Rule 21(b) provides as follows: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). When determining whether to transfer venue, courts consider: (1) location of the defendant; (2) location of witnesses; (3) location of counsel; (4) location of documents; (5) location of events likely to be at issue; (6) potential disruption of a defendant's business; (7) relative expenses to the parties; (8) relative accessibility of the place of trial; (9) the docket condition of each district involved; and (10) any other special factors which might affect transfer. Platt v. Minn. Min. & Mfg. Co., 376 U.S. 240, 245 (1964). The significance of these factors varies widely from case to case and "[t]he decision of whether to grant [a] motion to transfer under Rule 21 [is] within the trial court's discretionary authority." United States v.

Kopituk, 690 F.2d 1289, 1322 (11th Cir. 1982) (citations omitted). "The burden falls on the defendant to show a substantial imbalance of inconvenience to himself if he is to succeed in nullifying the prosecutor's choice of venue." United States v. Stickle, 355 F. Supp. 2d 1317, 1321 (S.D. Fla. 2004) (citing United States v. Sklaroff, 323 F. Supp. 296, 323-24 (S.D. Fla. 1971)); see also United States v. Ayo, 801 F. Supp. 2d 1323, 1333 (S.D. Ala. Aug. 10, 2011) (supporting same proposition that "burden is on the moving defendant"); United States v. Ghilarducci, 220 F. App'x 496, 504 (9th Cir. 2007) (same); In re United States, 273 F.3d 380, 389 (3d Cir. 2001) (same).

It is apparent from the briefs and oral argument that the following factors do not weigh heavily in favor of trial in either Texas or Georgia: (1) location of counsel; (2) location of documents; (3) potential disruption of Defendant's business; (4) relative accessibility of the place of trial; and (5) the docket condition of each district involved. (See doc. nos. 54, 59.) Focusing on the remaining factors, Defendant argues transfer is necessary because: (1) he resides in Texas; (2) all witnesses who will testify regarding the events likely to be at issue reside in Texas; (3) it will be more expensive for him to try the case in Georgia; and (4) the companion criminal case involving Coconspirator 1 is pending in Texas. (See doc. no. 54.)

Defendant's residency in Texas and the expense of traveling to Georgia do not weigh heavily in favor of transfer because "a criminal defendant has no right to be tried in the place of his domicile . . . and the defendant's concerns about being tried away from home are ordinarily of little relevance to a motion for a change of venue." United States v. Bagnell, 679 F.2d 826, 832 (11th Cir. 1982); Stickle, 355 F. Supp. 2d at 1322 (same).

The location of witnesses does not weigh heavily in favor of transfer. There will likely be witnesses from Texas such as Coconspirator 1 and witnesses familiar with Boerne Drug Company; however, there will also be witnesses from Georgia such as Physician 1 and

5

Physician 1's patients. (FTR 10:33:35-34:30; see also doc. no. 54, pp. 6-7; doc. no. 59, pp. 10-11.) While Defendant correctly points out the nerve center of the alleged conspiracy was in Texas, it is equally clear the conspiracy was national in scope. In sum, "[s]ince the conspiracy and the substantive act[s] alleged are widespread, this factor is at best neutral." Stickle, 355 F. Supp. 2d at 1322.

The best argument in favor of transfer is the pendency of Coconspirator 1's case in Texas, but only if transfer would result in meaningful efficiencies in trying the two cases. Now that Coconspirator 1 has pled guilty, little, if any, judicial efficiencies can be achieved by a transfer. Indeed, there can be no meaningful difference in the scope of knowledge each court presently possesses regarding the conspiracy because this Court has already adjudicated Physician 1's case.

For these reasons, Defendant has not met his burden of proving a Rule 21 transfer is necessary for convenience or in the interest of justice.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion, (doc. no. 54), be **DENIED**.

SO REPORTED and RECOMMENDED this 6th day of June, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA